IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. ELH-17-0264 |
| COREY WALLACE, *Defendant*. | |

## MEMORANDUM

In a Superseding Indictment filed on May 31, 2017 (ECF 4), defendant Corey Wallace was charged with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One); distribution of heroin, in violation of 21 U.S.C. § 841 (Count Two and Count Six); distribution of heroin and cocaine base, in violation of 21 U.S.C. § 841 (Count Four); and felon in possession of a firearm, in violation of 21 U.S.C. § 841 (Count Eleven). *Id.* He was one of twelve defendants in the case.

Pursuant to a Plea Agreement (ECF 331), defendant entered a plea of guilty on June 7, 2018, to Count One of the Superseding Indictment. ECF 4. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence in the range of 126 to 150 months of imprisonment. ECF 331, ¶ 9. At sentencing on September 28, 2018 (ECF 386), the Court sentenced defendant to 126 months of imprisonment, with credit for time served in federal custody since May 25, 2017. ECF 387 (Judgment); ECF 388 (Statement of Reasons).

Defendant, who is now self-represented, has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 516 (the "Motion"). In the Motion, defendant states that he should qualify for a "2 point reduction . . . ." *Id.* at 1.

1

The government opposes the Motion. ECF 535 ("Opposition"). According to the government, defendant is ineligible for relief pursuant to Amendment 821 because "Defendant received a downward variant sentence and . . . his criminal history level did not impact the final disposition." *Id.* at 1. The government also states: "Defendant had 14 criminal history points before adding the contested points for being on probation at the time of committing the crime, making him a natural criminal history level VI." *Id.* As such, the government contends: "Defendant's criminal level would not change even if the Court granted the Defendant's request." *Id.*

The Office of the Federal Public Defender has provided notice to the Court that it does not intend to supplement the Motion. ECF 536. Defendant has not replied.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.     Factual and Procedural History

As noted, defendant entered a plea of guilty on June 7, 2018, to the offense of conspiracy to distribute and possess with intent to distribute heroin. ECF 331. The parties stipulated to a sentence under Rule 11(c)(1)(C), ranging from 126 to 150 months of imprisonment. *Id.* ¶¶ 9, 10. In addition, the government agreed not to file a notice under 21 U.S.C. § 851. *Id.* ¶ 13. Further, the government agreed not to file charges under 18 U.S.C. § 924(c). *Id.* ¶ 14.

The Plea Agreement (ECF 331) contains an agreed Statement of Facts. *Id.* at 4-5. The Statement of Facts established that in April and May of 2017, a drug trafficking organization operating in the Curtis Bay neighborhood in South Baltimore, Maryland, was investigated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Confidential informants ("CIs") for ATF, as well as ATF undercover agents ("UCs"), participated in the investigation. *Id.* at 4.

The investigation revealed that defendant conspired with others to distribute heroin and fentanyl to customers in Baltimore. It was foreseeable that defendant and his co-conspirators distributed "at least 10 grams but less than 20 grams of heroin." *Id.*

For example, on April 28, 2017, a UC purchased four grams of heroin from defendant and his co-conspirators. During the transaction, Wallace instructed Co-conspirator 2 "to get the narcotics." *Id.* at 4. Co-conspirator 3 gave Wallace an "extra pill of heroin to give to the UC's." *Id.* In total, the conspirators provided nine gel caps of raw heroin and six pills of "scrambled heroin." *Id.* The purchase was audio and video recorded. *Id.*

On May 3, 2017, a UC bought twenty gel caps of heroin from defendant in Baltimore. *Id.* Defendant remembered the UC from a prior sale. Defendant entered the UC's vehicle and, when he confirmed the UC was not law enforcement, he offered to sell "raw and scrambled heroin." *Id.* Defendant provided the UC with "$360 worth of raw and scrambled, heroin . . . ." *Id.* Again, the transaction was audio and video recorded. *Id.*

Baltimore City Police, along with members of ATF, arrested co-conspirator 1 on May 9, 2017. *Id.* He had a firearm and fifteen grams of powder cocaine in his possession. *Id.*

On that date, ATF had utilized a pole camera to conduct surveillance in the 1600 block of Hazel Street in Baltimore. At 12:49 p.m. on May 9, 2017, ATF observed defendant handing Co-conspirator 1 a silver revolver. Co-conspirator 1 placed the gun in his "left-side pants pocket." *Id.* Surveillance and patrol units were notified by ATF of the observations and, at approximately 12:55 p.m., members of BPD approached Co-conspirator 1 and detained him after noticing a bulge in his left-side rear pants pocket that was consistent with the shape of a firearm. *Id.* Investigators "recovered a Serrifle .32 caliber revolver, model Terrier 1, bearing serial number 001087" from Co-conspirator 1's pants pocket. The firearm was loaded with five rounds of ammunition. *Id.* The

co-conspirator also had approximately 15 grams of cocaine in his waistband. *Id.* The pole camera captured the incident on video. *Id.*

On May 22, 2017, defendant and several co-conspirators participated in "a gunpoint robbery of an ATF CI." *Id.* The CI drove a vehicle to Hazel Street and asked several individuals if they had crack cocaine for sale. *Id.* Defendant and a co-conspirator approached the CI's vehicle and spoke to the CI through the driver's side window of the vehicle about a potential narcotics transaction. *Id.* The CI moved the vehicle to the curb on Hazel Street and continued negotiation for the potential crack cocaine transaction. The parties agreed to the purchase of six twenty dollar bags for $100. *Id.* at 5. Co-conspirator 4 showed a clear bag to the CI. *Id.* Then, defendant brandished a firearm at the CI through the driver's side window, defendant took $100 from the CI's hand, told the CI to leave the area, and the CI drove away. *Id.* Surveillance video captured defendant placing the firearm back in his pants and standing in the middle of the street while holding the money he took from the CI.

Defendant was 35 years of age at sentencing. ECF 372 (Presentence Investigation Report or "PSR"), at 3. Wallace had a base offense level of 14, based on drug quantity. *Id.* ¶ 17. Two points were added for the firearm, under U.S.S.G. § 2D1.1(b)(1). *Id.* ¶ 18. However, defendant was deemed a career offender. *Id.* ¶ 23; *see id.* ¶¶ 32, 36, 38. Therefore, his offense level was elevated to 32, under U.S.S.G. § 4B1.1. *Id.* After deductions for acceptance of responsibility under § 3E1.1 (*id.* ¶¶ 24, 25), defendant had a final offense level of 29. *Id.* ¶ 26.

Defendant had several adult convictions that did not score points. *See id.*, ¶¶ 30, 32. He had a subtotal of 14 criminal history points. *Id.* ¶ 39. This equates to a criminal history category of VI. Two points were added under § 4A1.1(d), because defendant was on probation in two cases when the underlying offense occurred. *Id.* ¶ 40. This resulted in a score of 16 points, which again equates to a criminal history category of VI. *Id.* ¶ 41.

With an offense level of 29 and a criminal history category of VI, the advisory sentencing Guidelines called for a sentence ranging from 151 to 188 months of incarceration. *Id.* ¶ 82. The Court sentenced defendant to a term of 126 months of imprisonment. ECF 387. That sentence corresponded to the bottom of the C-Plea range. *See* ECF 331, ¶ 9.

Defendant is presently incarcerated at McKean FCI (search by BOP Register Number 46728-509), https://www.bop.gov  He has a projected release date of September 2, 2026. *Id.*

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements

5

issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam).  *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range").  However, the court may only reduce such a sentence "after considering the factors set forth in section 3553(a) [of 18 U.S.C.] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

One such retroactive amendment is Amendment 821 to the Guidelines, which went into effect on November 1, 2023.  *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821.  Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id*.  It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83.  "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status.  U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)).  But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

6

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering

7

§ 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

### III. Discussion

Defendant's submission is a few lines in length. The Court has liberally construed the submission as a motion under Amendment 821. *See* ECF 516. Wallace points out that he was on probation at the time of sentencing and therefore he should qualify for a two point reduction in his criminal history score. *Id.* He also asks for a lawyer.

Defendant has adequately presented the issue under Amendment 821. Therefore, I shall deny his request for appointment of counsel.

As to the substance of the Motion, the government asserts: "Defendant's criminal history level would not change even if the Court granted the Defendant relief." ECF 535 at 2. I agree.

The defendant accrued 14 points based on his prior convictions. ECF 372, ¶ 17. As stated earlier, this equates to a criminal history category of VI. Because defendant committed the offense while on probation, however, two points were then added, under former U.S.S.G. § 4A1.1(d). *Id.* ¶ 40. This resulted in a criminal history score of 16 points. But, defendant remained a criminal history category of VI. *Id.* ¶ 41.

If sentenced today, defendant would receive only one status point. *See* U.S.S.G. § 4A1.1(e). *Id.* So, he would have a total of 15 criminal history points. However, whether defendant has 14 points, 15 points, or 16 points, his criminal history category is the same: VI. Thus, Amendment 821 has no impact here.

In short, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### IV. Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 516). An Order follows, consistent with this Memorandum.

Date: June 12, 2025                                     /s/
                                                                Ellen Lipton Hollander
                                                                United States District Judge